MARÍA VALDÉS YERA, Plaintiff and Appellant, *v.* PIZÁ & MARTÍNEZ, INC., Defendant and Appellee.

No. 7050.   Argued February 18, 1937.—Decided March 18, 1937.

Rehearing Denied March 30, 1937.

L. *Santiago Carmona* for appellant. R. *Padró Parés* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

Ramón Ramos Rivera and his wife, plaintiff María Valdés Yera, entered into a contract with Pizá & Martínez, Inc., to open a charge account secured by a mortgage. In a deed executed for that purpose, the said spouses declared that they were the owners of a rural property measuring one-half acre *(cuerda)* which they had purchased from Ramos Hnos. & Co., Succrs., on October 27, 1928. They further stated that they were doing business under the name of Ramos Hnos. & Co., Succrs.; that Pizá & Martínez agreed to grant them credit to the extent of $2,000, against which they would draw from time to time, for the purchase of wares and merchandise; that the credit was to be opened for one year and it was to mature in August 1931, and the debtors agreed to pay on maturity the entire amount owing in the latter's books as an open account; that to secure the payment up to $2,000, or any part thereof found to be owing in said open account by the Ramos-Valdés spouses either personally or doing business under the name of Ramos Hnos. & Co., Succrs., Ramón Ramos Rivera, with the consent of his wife María Valdés Yera, who appeared as a party to the deed, executed a mortgage in favor of the mercantile firm Pizá & Martínez, Inc., on the aforesaid realty and other property.

The open account appears to have been liquidated on October 20, 1931, and Ramón Ramos stated, on behalf of Ramos Hnos. & Co., Succrs., the following:

"In my capacity as sole manager and owner, together with my wife, of all the assets of the firm Ramos Hnos. & Co., Succrs., which is located at Dr. Veve Street in the town of Bayamón, I declare that

the foregoing liquidation of the account of said funds with Messrs. Pizá & Martínez, Inc., of San Juan, is correct and shows a balance in favor of the said Messrs. Pizá & Martínez, Inc., of one thousand two hundred and four dollars and eighty-nine cents, as per a liquidation made by mutual agreement on this date."

Subsequently, Pizá & Martínez, Inc., brought suit against Ramos Hnos. & Co., Succrs., to recover the amount thus liquidated. In order to secure the effectiveness of any judgment that might be rendered, the plaintiff firm attached the stock of the two stores belonging to the defendant, which was awarded to Pizá & Martínez, Inc., in execution of the judgment, for the sum of $1,300.

Later on, Ramos Hnos. & Co., Succrs., went into voluntary bankruptcy, and the Federal Court ordered the stay of all the proceedings taken by Pizá & Martínez, Inc., in the District Court of Bayamón against the said company. The district court issued a writ in accordance with the order of the Federal Court. It does not appear from the record that the petition in bankruptcy was filed in that court. The referee in bankruptcy stated that he had examined the property of the bankrupt and it appeared that the same had been sold within the four months preceding the filing of the petition in bankruptcy by virtue of the attachment, and issued a writ ordering Messrs. Pizá & Martínez, Inc., to show cause why the goods attached and sold should not be delivered to Francisco Font Manzano, trustee in bankruptcy appointed by the referee in bankruptcy, Jesús A. González, Esq. Pizá & Martínez, Inc., agreed to deliver the goods, and the said trustee Font Manzano took possession of them.

The plaintiff requested the cancellation of the said mortgage on the grounds that the said realty belonged to her separate estate, and that the mortgage obligation had been novated and paid. The lower court rendered judgment dismissing the complaint on the merits.

■■ The first error assigned is that the judgment should have been rendered, but was not rendered, against the party

defendant. This is, in fact, a conclusion that does not amount to an assignment of error. Upon examining the brief of the appellant we find that the error is predicated on the fact that the lower court had held that the attached property was acquired by Pizá & Martínez, Inc., at public auction for the sum of $1,300, in partial satisfaction of the indebtedness, and that said sum did not cover the amount of the judgment ($1,264.89), interests and costs, it being impossible to say, as alleged by the plaintiff, that the defendant had collected the whole of the debt and that the mortgage security should be canceled by reason of such payment. It is true that from the language used by the lower court it may be inferred that in its opinion the defendant recovered the sum of $1,264.89, total amount of the liquidated debt, but the court seems to have overlooked the fact that the attached property was delivered by the defendant to the trustee, Mr. Font Manzano. We have stated that the referee in bankruptcy held that the properties belonging to the bankrupt were sold by virtue of the attachment within the four months preceding the filing of the petition in bankruptcy. We must assume that said officer acted within the scope of his authority in seizing the said property, and that Pizá & Martínez, Inc., was obliged to deliver them pursuant to the demand made upon them.

Under those circumstances, it is impossible to arrive at the conclusion that the indebtedness has been satisfied.

The appellant argues that when Pizá & Martínez, Inc., abandoned the mortgage security which amounted to a lien on her property and recovered by other means the amount due on the stated account with Ramón Ramos, the security forthwith became extinguished, and was waived for a new contract which was expressly relied upon before the court in an action of debt brought against the company, Ramos Hnos. & Co., Succrs.

The plaintiff introduced evidence to show that the mortgaged property belongs to her separate estate. However, it was stated by her when she executed the mortgage on said

property together with her husband in favor of Pizá & Martínez, Inc., that said property belonged to the conjugal partnership. The plaintiff, in her brief, reminds us that she testified that she was not in business, in spite of the fact that she clearly stated in the mortgage deed that her husband and she were doing business under the name of Ramos Hnos. & Co., Succrs. Also in the marriage contract (*capitulaciones matrimoniales*) it was stated that the said plaintiff contributed to the mercantile firm Ramos Hnos. & Co. the sum of $800. It was agreed in this contract that Mrs. Valdés "could continue her commercial and industrial transactions as she had done heretofore, without any impediment, and it is not to be understood that said commercial transactions have or may have any relation with the purposes of the conjugal partnership." So that previous to her marriage the plaintiff had invested money belonging to her separately in the mercantile firm of Ramos Hnos. & Co., Succrs.

It is clear that the plaintiff can not go against her acts, denying that the property was conjugal property and that she was a member of the firm of Ramos Hnos. & Co., Succrs., if those facts induced the defendant to grant a credit and to part with the goods which were purchased by the said firm by virtue of said credit; but even if the evidence introduced failed to show, which it did not, the part played by the plaintiff in the business transactions of Ramos Hnos. & Co., Succrs., and even if the rural property should turn out to be part of her separate estate, these facts can not affect the mortgage security executed by the plaintiff herself and her husband in favor of Pizá & Martínez, Inc.

Regarding the claim that the defendant abandoned the security upon bringing an action of debt, we have held that the recovery of a mortgage credit can be prosecuted under the summary process authorized by the Mortgage Law and its Regulations, or by an ordinary action subject to the provisions of the Code of Civil Procedure, and that the creditor may elect either of these proceedings, in his discretion. The

fact that the mortgage creditor has brought a personal action for money had and received does not imply, in our opinion, that he has waived his security.

The mortgage security is not considered to have been extinguished and waived merely because the creditor has proceeded to enforce the obligation through an ordinary action for money had and received instead of taking advantage of the summary proceeding of the Mortgage Law. *Fossas* v. *National City Bank,* 50 P.R.R. 312.

■ Lastly, it is urged by the appellant that the lower court erred in finding for the defendant because the novation of the contract had not been proved. It is argued that the liquidation of the account was accepted by Ramos without the consent of his wife, and it is emphatically asserted that the liquidation amounts to a novation of the obligation. Let us see what is the basis of the appellant's conclusion. In the mortgage deed executed on August 7, 1930, the Ramos-Valdés spouses stated the following:

"This credit is opened for the term of one year, counted from this date, which will therefore mature on the same day and month of the year one thousand nine hundred and thirty-one, and upon maturity thereof the Ramos Valdés spouses agree and bind themselves to pay to the mercantile firm 'Pizá & Martínez, Inc.,' the amounts found to be owing by virtue of this contract; and it is expressly agreed that said term of one year can be extended by mutual agreement of the parties to this document, and the extension or extensions of time agreed upon shall be considered as an integral part of this document, subject to all the conditions and stipulations herein set forth."

The liquidation of the open account appears to have been made on October 20, 1931, that is, over two months after the maturity of the term for which the credit was granted to the aforesaid spouses. From this fact the appellant infers that a new obligation was executed and that the security was extended. It is clear to us that if the goods were purchased during the year for which the credit was opened, the fact that the liquidation was practiced in fact two months

after the expiration of the term can not affect or alter an obligation contracted to secure the payment up to the amount of $2,000, or any part thereof, that might be outstanding in the final liquidation of the account of the Ramos-Valdés spouses. Plaintiff's husband, who appears as managing partner of the mercantile firm Ramos Hnos. & Co., Succrs., and who is besides the administrator of the conjugal partnership, expressed his conformity with the balance shown by the liquidation of the charge account. But even supposing that the husband had no authority to make this liquidation or to bind his wife without her consent, the fact that the account was not liquidated would not be ground for canceling the mortgage. The plaintiff can not obtain a judgment in his favor so long as he does not show that the obligation that served as a basis for the security has been satisfied. In no other way could the cancellation be decreed.

The judgment appealed from must be affirmed.

Mr. Justice Wolf took no part in the decision of this case.

### ON MOTION FOR REHEARING

#### March 30, 1937.

Mr. Justice Córdova Dávila delivered the opinion of the court.

The plaintiff in this case requests the reconsideration of our judgment on the ground that the trustee appointed by the Federal Court seized the property of Ramos Hnos. & Co., six months after said property had been attached by the defendant Pizá & Martínez, Inc. The plaintiff seems to lay great emphasis on the date on which the bankruptcy court seized the property, disregarding the date on which the petition in bankruptcy was filed. We have not decided, because we consider it unnecessary, whether the plaintiff would have been entitled to the cancellation sought if the property had been attached more than four months before the filing of the petition in bankruptcy. We have said that from the record does not appear the date on which that petition

was filed, and in the absence of this evidence we must presume that the referee in bankruptcy acted within the scope of his jurisdiction in seizing the aforesaid property. We can not supply evidence that does not appear in the record, nor hold that that officer did not act within the scope of his authority in seizing the said property in order to cover to the fullest extent, the outstanding obligations of Ramos Hnos. & Co., Succrs., of which firm the plaintiff herself is a partner. It is argued that the defendant did not allege in the lower court that said property had been attached within the four months preceding the bankruptcy. It occurs to us that it was incumbent on the plaintiff, who was interested in proving her case, to allege and prove the want of jurisdiction of the bankruptcy court, if she thought that this fact would favor her in obtaining the remedy prayed for.

The reconsideration sought must be denied.